Curia, per
Johnson, J.
The law of the case is fully considered in the former opinion of this court, and I can perceive no marked difference in the evidence. The witness, Little, says expressly, and I quote his words from the notes taken by the presiding judge at the trial: “That he bought a gig from defendant for $140, and the understanding was that the defendant was to be paid by Antonio. Antonio agreed to it. Antonio was in debt to him. He could not have bought the gig, but by paying for it in this way. Antonio said he would credit the amount on a note given by defendant to him in 1829 and if the case had *204 been put to the jury upon the credit of this witness, I should have been satisfied with any verdict they might have found. But that does not appear to have been the case, and their verdict must have been predicated upon some mistaken notion of the law, and on that ground the case must go back for a new trial.
I am not disposed to think that the defendant is entitled to a discount for the loss of the service of the negro hired, on account of sickness, unless it originated in causes existing at the time of hiring. It is quasi a sale pro tem-pore, and all that the owner undertakes is that he is then sound. He who hires must take the chance of his remaining so ; an abatement has been allowed in the case of the death of a negro hired, but that was pushing the matter far enough for the sake of equity, and I am not disposed to extend it to every temporary indisposition that may, and commonly does, occur.
Motion granted.
O’Neall and Harper, J J. concurred.